## CLIFT RODGERS vs. WILLIAM PARKER.

A deed bounding land on a way shown on a plan, which is referred to in the deed and afterwards recorded by the grantor in the registry of deeds, estops the grantor and those claiming under him to obstruct the way opposite the land granted and within its side lines, if produced at right angles to the course of the way; even if outside of those lines as continued in the direction in which they and all similar lines of other lots on the same way run, and although at that end the way does not connect with any other.

ACTION OF TORT for breaking and entering the plaintiff's close in Quincy, and breaking down the plaintiff's fence. The parties submitted the question whether the action could be maintained to the decision of the court upon the following facts:

On the 24th of April 1855 William P. Apthorp offered for sale by public auction house lots on the Apthorp estate in Quincy. The auctioneer exhibited a plan at the sale, (the material part of which is printed in the margin,*) and distributed copies thereof among the persons who attended. Lot 7 was bid off by the defendant; lot 1 by the plaintiff; and lots 2, 3 and 8 by other persons. Deeds were soon afterwards made by Apthorp to the purchasers, and recorded, describing each lot by its number on this plan, (declared therein to be "recorded with the deed of lot numbered one on said plan,") and as bounded " on a passage called Hancock Avenue on said plan." That avenue was staked out at the time of the auction.

After this sale, and before these deeds were made, Apthorp sold and conveyed lots 4, 5 and 6, together with all that part of Hancock Avenue lying west of a straight line drawn from the

southeast corner of lot 6 to the northeast corner of lot 4, to the plaintiff, who afterwards erected a fence across the avenue at the dotted line on the plan. The defendant, some days after re· questing the plaintiff to remove the fence, removed it himself, without injuring the materials, and left them by the side of the avenue.

*G. White*, for the plaintiff. An implied covenant of a right of way must be construed most strictly; the principle being that nothing will pass as incident that is not necessary to the enjoyment of the principal thing granted. *Pinnington* v. *Galland*, 9 Exch. 1. *Harding* v. *Wilson*, 2 B. & C. 96. *Salisbury* v. *Andrews*, 19 Pick. 258. *Davenport* v. *Lamson*, 21 Pick. 74. *Nichols* v. *Luce*, 24 Pick. 104.

A grantor of land, who in his description bounds the same on a private way, of which he is the owner, impliedly covenants that the grantee shall have a right of way from a public street to the extent of the land granted, but no farther, unless the other terminus of said private way is also on a public street. *Parker* v. *Smith*, 17 Mass. 413. *Gayetty* v. *Bethune*, 14 Mass. 49. *Ballard* v. *Dyson*, 1 Taunt. 279. *Campbell* v. *Lang*, 28 Eng. Law & Eq. 30.

*J. J. Clarke*, for the defendant.

DEWEY, J. As to the right of the defendant to have an open avenue or way, coextensive with the extent of the lot purchased by him, there can be no question. The sale to the defendant was made by one having the entire estate, and was a sale by public auction of house lots laid out and numbered on a plan then exhibited; said lots being bounded by Hancock Avenue, which was also delineated on the plan, which plan was afterwards recorded in the office of registry of deeds. In this state of the facts, the grantor and those who succeed to his title to the remaining land are estopped from denying that there is such a way. Treating the right of the defendant to be of the more restricted character, of a way coextensive with his house lot, this right was violated in the erection of the fence in the line in which it was placed, the same not being at right angles with the avenue

But the farther ground of defence that the defendant, as purchaser of lot No. 7, may require that the entire avenue as staked out at the time of the auction sale and delineated on the plan shall be kept open as an avenue, having been also urged at the argument, we have also considered that question. This subject has recently been before us for our consideration in the case of *Thomas* v. *Poole*, 7 Gray, 83, under facts somewhat similar — a way staked out and to be opened by the grantor, the lot sold described as bounded in such way, but having more distinctly stated by words in the recital the extent of the new way. In the present case, the extent of the avenue is clearly marked upon the plan, and is as readily ascertained thereby as it would have been by a recital in words.

In the case of *Thomas* v. *Poole*, the court held that the way thus staked out and upon a part of which the lot sold was bounded, was to be kept open for its entire distance, as thus staked out and exhibited to purchasers, and that the right to have the same kept open was not limited to the extent of the land conveyed to any particular purchaser of one lot. It seems to us that the same principle is applicable to the present case, and that the entire avenue, as staked out and delineated on the plan exhibited at the sale and afterwards recorded, was as respects the plaintiff to be kept open as an avenue. ·In either aspect of the question the defence is well maintained.

*Judgment for the defendant.*